# UNITED STATES DISTRICT COURT

for the

Western District of Washington

Seattle Division

Filing Fee Paid #402 - Receipt # 2-2583

Deima Elnatour

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Apple Inc.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 23-cv-1139-RAJ
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

FILED ENTERED
LODGED RECEIVED
AUG 01 2023 JC
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Deima Elnatour |
| Street Address | 117 E. Louisa St - 260 |
| City and County | Seattle |
| State and Zip Code | WA |
| Telephone Number | 609-851-6311 |
| E-mail Address | deima.elnatour@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Apple Inc |
| Job or Title *(if known)* | |
| Street Address | Once Park Way |
| City and County | Cupertino, Santa Clara Valley |
| State and Zip Code | 95014 |
| Telephone Number | +1 (408) 996-1010 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* Deima Elnatour, is a citizen of the State of *(name)* Washington.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ______, is incorporated under the laws of the State of *(name)* ______, and has its principal place of business in the State of *(name)* ______.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ______, is a citizen of the State of *(name)* ______. Or is a citizen of *(foreign nation)* ______.

b. If the defendant is a corporation

The defendant, *(name)* Apple Inc, is incorporated under the laws of the State of *(name)* California, and has its principal place of business in the State of *(name)* California. Or is incorporated under the laws of *(foreign nation)* California, and has its principal place of business in *(name)* California.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Amount owed to plaintiff is $175,000,000 based on three main claims:
1. Wrongful termination while on medical leave for injuries caused by Apple Inc and while requesting reasonable accommodations to return to work.
2. Bad faith negotiations - multiple accounts of bad faith when negotiating.
3. Hostile work environment and a pattern of retaliation.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Please see attached pages for Statement of Claim.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Economic Damages: The Plaintiff requests $80,000,000 to address career and wage stagnation, unremunerated substantial contributions, notably a published patent valued at over $800,000,000 as well as many product and feature launches. This sum also compensates for a drastic loss of future income resulting from an abrupt and unjust termination during medical treatment and character defamation. These actions have imposed significant constraints on the Plaintiff's capacity for future employment prospects, not least because of discriminatory annotations within Apple's internal systems visible to potential future hiring managers at the company.

2. Non-Economic Damages: The Plaintiff requests $50,000,000 for physical harm and damages as well as psychological trauma caused by Apple's actions.
3. Punitive Damages: The Plaintiff demands $45,000,000 in punitive damages for Apple's consistent misconduct and failure to rectify the reported issues and failure to provide a safe and just working enviroment for people with disabilities and in need of reasonable accommodations to do their work safely.
These sums reflect the severity of the damages sustained due to the defendant's misconduct, with offenses continuing at present.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/1/2023

Signature of Plaintiff [signature]

Printed Name of Plaintiff Deima Elnatour

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Print Save As... Add Attachment Reset

## Statement of Claims

---

## Claim #1: Unlawful Termination Amid Medical Leave and Pending Request for Reasonable Accommodations

On May 12, 2023, the plaintiff was involuntarily terminated by Apple Inc. following her request for an extension to her medical leave and reasonable work accommodations. Apple ended the Plaintiff's employment stating that the company is unable to prolong the leave of absence until the requested return date of June 6, 2023. The plaintiff, who was recovering from injuries exacerbated by Apple's failure to furnish approved, yet withheld, reasonable accommodations, struggled with her work tasks for six consecutive weeks without the necessary support. These requested accommodations included basic equipment such as a monitor, keyboard, and trackpad or mouse, as well as modifications to her working schedule. Despite the challenging circumstances, the plaintiff demonstrated dedication and professionalism by continuing to fulfill her work responsibilities, as she lacked the option to use paid time off for recuperation.

**Background Information:** Sedgwick, Apple's leave administration partner, collaborated with Apple to approve the Plaintiff's request for reasonable accommodations for a return to work date in October 2022. On October 13, 2022, the plaintiff's skip-level manager at Apple Music asserted that the accommodations were ready and instructed the plaintiff to return to work the next day without waiting for Sedgwick's notification of final approval and instructions. However, upon reporting to work on October 14, 2022, the plaintiff discovered her work environment lacked the promised accommodations. Her subsequent attempts to rectify this issue were unsuccessful. Furthermore, the plaintiff's pay was unjustly withheld for two pay cycles, and the human resources department only rectified the situation upon being informed of it by the Plaintiff. Additionally, the plaintiff's former Apple Music manager disclosed to her that her skip-level manager had unfairly intervened in the annual performance review process while she was on a medical leave, resulting in the lowest possible rating across all performance categories, which contrasted sharply with the exceptional review she received the previous year and a promise for a promotion. This manager also warned the plaintiff that she was being targeted, he encouraged her to dispute the review and gain the support of her newly appointed manager. This information shocked the plaintiff given her long and deep commitment to the company and significant contributions that go above and beyond her official job description and pay level. Her accomplishments included securing a patent worth more than $800,000,000 for Apple, further demonstrating her value to the company as well as leading and maintaining an active roadmap of product and feature launches at Apple Music.

In July of 2021, the plaintiff was sexually harassed by a caucasian male engineer on the Apple Music team, which was promptly reported, but no adequate support was provided. Furthermore, her superiors' attitudes towards her gradually changed, including the tendency to ignore her needs, deny her support and keep her at arm's length. The plaintiff's termination and the negative treatment she received during her medical leave, which deviated from the norm for other employees in similar situations, are profoundly concerning. The plaintiff's requests for reasonable accommodations were consistently disregarded, impacting her physical health and psychological wellbeing.

## Claim #2: Bad Faith Negotiations

The plaintiff has encountered several instances of bad faith negotiations by Apple Inc. Here are the specific instances:

I.   Misrepresentation and Concealment: The plaintiff sought legal representation in May of 2022 to facilitate an inquiry into dubious practices and claims at Apple. Despite agreeing to an investigation, Apple's legal counsel demanded the absence of the plaintiff's attorney during the process, labeling it as a customary "employee-to-employee" discussion. Notably, Apple failed to disclose that the Employee Relations representative assigned to this case was, in fact, an experienced lawyer employed full-time by Apple, leading to an unjust disparity in the representation of rights and skill sets.

II.  Bait-and-Switch Tactics: In May 2023, Apple initially proposed a settlement concerning the plaintiff's termination while requesting accommodations to return to work on June 6th 2023, which was subsequently altered without prior notice or explanation. Apple tried to inconspicuously introduce new terms, hoping they would go unnoticed by the plaintiff. Upon the plaintiff's challenge to the modified terms, negotiations were abruptly halted, underscoring the substantial differences between the initial and final offers.

III. Misuse of Legal Advantage: When the Plaintiff reported the hostile workplace environment and the unfair practices she was subjected to, including biased treatment and limited access to promotion opportunities as well as a specific case of another middle-aged muslim middle eastern female engineer suffering from the same unfair practices, Apple appointed an experienced lawyer to handle the case. This lawyer, an Apple employee, appeared to prioritize gathering evidence and framing inquiries to fortify Apple's position rather than impartially examining possible misconduct or procedural violations. When the Plaintiff raised questions about the lack of due process in regards to her most recent review, as disclosed by her former manager at Apple Music, she was met with silence and left without resolution to her concerns. This practice contravenes Apple's policies and breaches employment law. Following the investigation, the investigator dismissed all of the Plaintiff's claims, asserting there was insufficient evidence to prove any wrongdoing on the part of the company. Concurrently, the final agreement introduced new terms, requiring the Plaintiff to falsely affirm that she hadn't suffered any injury or illness during her employment with Apple - a patent misrepresentation of the true circumstances.

IV.  Manipulation and Coercive Tactics: During a call on February 2, 2023, with Apple's Accommodations Department, the focus shifted away from discussing the plaintiff's previously unmet accommodation needs. Instead, the conversation centered around Apple's potential reluctance to approve further extensions for the plaintiff's return to work, a decision left to the discretion of the leave of absence committee. The conversation further veered into coercive territory when an 18-month COBRA subsidy was dangled as an incentive, conditional upon the plaintiff signing a release agreement which would effectively resign her position at Apple while clearing Apple from any potential liability or indication of misconduct. This resignation would not offer due compensation, but only render her eligible for rehire should she choose to reapply in the future.

## Claim #3: Hostile Work Environment, Harassment and Retaliation

I.     Hostile Work Environment: Apple Inc. failed to address a case of sexual harassment appropriately that occurred on the Apple Music team, resulting in the widespread knowledge of the incident amongst non-essential personnel. This mismanagement has created a hostile work environment, defaming the plaintiff's character, and subjecting her to unconscious bias and discrimination. Additionally, during the plaintiff's tenure on the Apple Maps team, one of the largest within Apple, the plaintiff faced intrusive behavior from her manager concerning her self-reported disability. The manager's insistence on publicizing her medical condition created an uncomfortable work environment, tarnished her reputation, and made colleagues overly cautious around her. The extent of future damages the plaintiff may incur due to these actions at Apple Maps is challenging to estimate, attesting to the profound impact of the hostile environment.

II.    Retaliation: The plaintiff encountered retaliatory actions on several instances. Here are the specific instances:

A.    In June 2020, the plaintiff communicated transparently with her skip-level manager at Apple Music regarding a project-related issue. This resulted in her skip-level manager unduly interfering with and influencing her performance review, enforcing the lowest possible rating despite her high previous year's rating and substantial contributions. This act of retaliation was reinforced when her skip-level manager interfered once again with the return to work process and accommodations request and instructing the plaintiff to return to work under the guise of approved accommodations in October 2022, despite said accommodations being unfulfilled, resulting in harm to the plaintiff. Additionally, withholding her wages during this period further intensified the retaliation.

B.    In November 2022, the plaintiff alerted Apple's executive team, including the office of the CEO, about systemic discriminatory practices she was facing as a middle-aged, Muslim woman of Middle Eastern descent. The retaliation culminated in her employment termination while she was on medical leave, recovering from injuries caused by the lack of previously approved accommodations.

C.    Retaliatory demotion occurred in 2018 at Apple Maps when the plaintiff required a change of schedule to accommodate her medical needs during her tenure with the Apple Maps team. Her manager not only delayed then reluctantly approved the accommodations request but also caused scheduling conflicts and made several requests for her to disclose her medical condition to her teammates. When she escalated this issue to her Maps team skip-level manager and HR, she received no concrete support beyond a superficial investigation whose findings were kept from her. HR neither rectified the demotion nor the deficient performance review, further compounding and extending the adverse and unsupported environment the plaintiff endured while looking for a new role at Apple. The Plaintiff realized the she was subjected to persistent pattern of physiological harassment that victimized her and rendered her unable to think or fend for her rights at Apple until now.

This list of claims and assertions will be elaborated upon and supplemented with further details and supporting evidence at an appropriate future juncture. Also, the case may contain additional claims that will be added as the case evidence is prepared and presented to the court.